UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROB L. MITCHELL,<br><br>          Plaintiff,<br><br>    v.<br><br>JOHANNA SMITH, ISCI Warden; IDAHO DEPARTMENT OF CORRECTIONS; DR. LOIS ADRIAN; PHILIP VALDEZ, ICC Warden; DR. GERRETT<br><br>          Defendants. | Case No. 1:10-cv-00039-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending before the Court are Defendant Philip Valdez's *Motion for Summary Judgment* (Docket No. 30), and Defendant Johanna Smith's *Motion to Dismiss*. (Docket No. 39). On June 16, 2010, the court entered an Initial Review Order allowing Plaintiff to proceed with his claims against Defendants Johanna Smith, Lois Adrian, Philip Valdez and Dr. Gerrett. (Docket No. 8). Having reviewed the record, and Defendants' motions, the Court issues the following Order dismissing Plaintiff's Amended Complaint.

In his motion for summary judgment, Valdez argues that Mitchell's complaint should be dismissed for several reasons. First, Valdez argues he should not incur liability merely because of his status as warden, and that Mitchell's claim is insufficient to withstand summary judgment for failure to state a claim against Valdez. Second, Valdez

argues that Mitchell's medical records do not support his claims that Defendants were deliberately indifferent to his serious medical needs. In support of his motion, Valdez argues that the ICC medical records reflect that once Mitchell began complaining about symptoms related to his hernia, ICC medical staff was attentive and diligent in treating his medical condition. Further, it is undisputed that the only reason Mitchell was not given a surgical consultation while at ICC, was because he was transferred out of the facility. Finally, Valdez submits that his motion for summary judgment is warranted because there are no genuine issues of material fact.

Smith argues that she has not been property served, and the complaint against her should be dismissed.

## Background

Mitchell is an inmate in the custody of the Idaho Department of Correction (IDOC), alleging that he has had a hernia since approximately 2004. Mitchell claims that his symptoms have increased in recent years, but prison officials refuse to authorize surgery. Mitchell contends that in refusing to authorize hernia surgery, Wardens Smith and Valdez were deliberately indifferent to his medical needs.

## Discussion

### 1. Summary Judgment Motion

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not . . . a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *Id*. at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id*. at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255. If a claim requires clear and convincing evidence,

the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id*.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Anderson*, 477 U.S. at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324 (citation and internal quotation marks omitted).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). In determining admissibility for summary judgment purposes, it is the content of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id*. (affirming consideration of hearsay

contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). The Ninth Circuit "ha[s] repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988) (citation and internal quotation marks omitted). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain "testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document." *Id.*

To prevail on a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must show that a violation of his rights protected by the Constitution or created by federal statute occurred, and that it was proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Mitchell's claims fall under the Eighth Amendment.

1. **Eighth Amendment Claims**

Plaintiff asserts that Defendants have violated his Eighth Amendment right to have adequate medical care in prison. To state an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were]

sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

> The Ninth Circuit has defined a "serious medical need" in the following ways:
>
> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal quotations omitted), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted).

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, [Plaintiff] must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk'" to Plaintiff's health. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). If medical personnel have been "consistently responsive to [the inmate's] medical needs," and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there is no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

The Eighth Amendment does not provide a right to a specific treatment. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). A prison

doctor's recommendation for a less costly treatment is not deliberate indifference unless the recommendation "was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998).

There is no constitutional right to an outside medical provider of one's own choice. *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution."). Therefore, Plaintiff cannot state a claim by demanding to be seen by an outside medical provider.

In order to succeed on his claims against Valdez, Mitchell must demonstrate either that Valdez personally participated in the decisions regarding Plaintiff's medical care, or that, as a supervisor, he or she directed, or knew of and failed to prevent, the actions causing Plaintiff's damages or injuries. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 129 S. Ct. at 1949 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Here, there is no dispute regarding the facts of Mitchell's claims. *See Plaintiff's Brief Opposing Summary Judgment* (Docket No. 33). In fact, upon comparison of *Valdez's Statement of Undisputed Facts* (Docket No. 30) and *Plaintiff's Brief Opposing Summary Judgment* the Court was unable to identify any meaningful dispute regarding Mitchell's factual allegations. Rather, the Court finds that the undisputed facts fail to give rise to a valid or actionable claim of deliberate indifference.

In summary, Mitchell was diagnosed with a right inguinal hernia on November 10, 2004. On January 24, 2007, the hernia was examined again by ICC medical staff, and a hernia belt was ordered for treatment. *See Thacker Affidavit* (Docket No. 30-3). Not until December 6, 2007, did Mitchell present himself for treatment of hernia pain to ICC medical staff. *Id*. In early January 2008, there was a flurry of activity from Mitchell who sent several requests to be examined by medical staff. *Id*. On June 3, 2008, Dr. Hrnicek stated that he believed Mitchell to be an "ideal candidate for surgical repair." *Id*. However, before Mitchell could be sent for a surgical consultation, he was transferred out of ICC on June 18, 2008. *Stoll Affidavit* (Docket No. 30-4).

ISCI medical staff continued treating Mitchell for his hernia through the rest of 2008. *Id*. Then, at Mitchell's request, on January 26, 2009, he was seen by ISCI medical staff and a consultation request was made for hernia surgery. *Thacker Affidavit* (Docket No. 30-3). After re-evaluating Mitchell, and rescheduling the surgery consultation, on March 18, 2009, Mitchell was sent to St. Luke's Hospital for a surgery consultation,

resulting in a recommendation of surgery from Dr. Martin. However, the request for surgery was denied by an IDOC official, noting that it doesn't appear "medically necessary." *Id*.

After managing the hernia and caring for Mitchell for another nine months, on February 2, 2010, ISCI medical staff made another request for a surgical consultation, which occured on April 6, 2010. *Id*. On Dr. Henson's recommendation, on April 27, 2010, ISCI requested surgery for Mitchell's hernia. *Id*. Thereafter, following standard follow-up procedures, on June 7, 2010, Mitchell underwent surgery for repair of his hernia. *Id*. However, Mitchell had complications following his surgery, and on July 15, 2010, ISCI medical staff requested another surgery consultation. *Id*.

Once aware of Mitchell's medical needs, ICC medical staff undertook reasonable efforts to care for his medical needs, including a hernia belt, a bottom bunk memo, and pain medication. Mitchell's allegations of improper delay is properly characterized as conservative medical care; deliberate and wilful indifference does not exist. Accordingly, Defendant Valdez's motion for summary judgment will be granted.

 2. **Motion to Dismiss**

Defendant Smith moves for dismissal on the ground that she was not properly served pursuant to Federal Rule of Civil Procedure 4. Specifically, Smith argues that she was not served within 120 days of the filing of the complaint, as contemplated by the rule.

Mitchell responds that he "was following everything as he was supposed to do, given the restricted access to the courts." *Response*, 1 (Docket No. 43). Mitchell states that he "has done everything in his power to do what has to be done sence [sic] he is in preson [sic], there is not much he can do." *Id*. at 2.

In this action, the court allowed Mitchell to proceed without prepayment of filing fees, *see* 28 U.S.C. § 1915(a)(1) (authorizing federal courts to allow a plaintiff to proceed without prepayment of filing fees), entitling him to have officers of the court issue and serve all process, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). To dismiss on the grounds urged by Smith would be a clear abuse of discretion. *Jarrett v. U.S. Dist. Court For Central Dist. of California Western Div. Pro Se Clerks Office*, 389 Fed.Appx. 654, *1 (9th Cir. 2010). In *Davis v. Department of Corrections*, 446 F.2d 644 (9th Cir. 1971), the Court of Appeals held that the district court's dismissal of an action brought by a plaintiff proceeding in forma pauperis for failure to effect service was erroneous because under 28 U.S.C. § 1915(c) the officers of the court should have effected service. *Id*. at 645.

It is beyond dispute that Smith was not timely served. However, under these circumstances, Rule 4 cannot preclude or impinge on the rights of pro se plaintiffs proceeding in forma pauperis to receive adequate assistance from the U.S. Marshal in the service of a summons and complaint. *See* Fed.R.Civ.P. 4(c)(2)(B)(I). Accordingly,

Mitchell has good cause for not showing proof of proper service and Smith's motion to dismiss will be denied.

## Order

1. Defendant Valdez's *Motion for Summary Judgment* (Docket No. 30) is GRANTED.

    A. Valdez is dismissed from this action.

2. Defendant Smith's *Motion to Dismiss* (Docket No. 39) is DENIED.

3. The Clerk of Court shall send another waiver of service of summons form, a copy of the Complaint, and a copy of this Order, in compliance with Federal Rule of Civil Procedure 4(d),[1] to Defendant Smith, in care of Andrew C. Brassey, PO Box 1009, Boise, ID, 83701. If Smith, or her attorney, do not return the waiver within 30 days, the Clerk of Court is instructed to provide a Summons and the Complaint to the U.S. Marshal Service for personal service on her.

    Warden Smith is advised that if Plaintiff is required to utilize the U.S. Marshal or a private process server to obtain personal service because she refuses to use the waiver procedure, then Plaintiff can request that each Defendant be charged personally for the costs of service, including any

---

[1] Under the Waiver procedure, a defendant has thirty (30) days to sign and return the Waiver. If the defendant actually signs and returns the Waiver, then he or she has an additional sixty (60) days to file an answer.

attorney's fees necessary to collect the service costs  *See* Fed. R. Civ. P. 4(d)(1) & (2); *see Estate of Darulis v. Garate*, 401 F.3d 1060 (9th Cir. 2005).



DATED: **August 24, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge